E-FILED
Tuesday, 24 January, 2006  04:31:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JACKIE WILSON,
    Plaintiff,

vs.                                                          05-1378

MARY BETA O'CONNELL, et. al.,
    Defendants.

## ORDER

This cause is before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A. The plaintiff participated in the hearing by video conference call.

The plaintiff, a state prisoner, has filed this lawsuit pursuant to 42 U.S.C. §1983. The plaintiff claims his constitutional rights were violated at the Pontiac Correctional Center. The plaintiff has named eight defendants including: Medical Technician Mary Beta O'Connell, Warden Stephen Mote, Officers Richard Allen, T. Kennedy, K. Miller, Danny McFarlen, Ronald Helander and J. Allen. The plaintiff is suing each defendant in his or her individual capacity.

The plaintiff says he is a nudist and has been a nudist within the Illinois Department of Corrections for 22 years without any problems receiving medical care. However, from July 13, 2004 to July 24, 2004, the plaintiff says he was refused medical attention for "pain and swelling of his penis." (Comp., p. 6). The plaintiff says Medical Technician Mary Beta O'Connell refused to see the plaintiff or process the plaintiff's request for medical care until he put clothes on.

The plaintiff says Illinois Department of Corrections officials have allowed him to remain nude in his cell, as long as he put clothes on anytime he left his cell. Nonetheless, the plaintiff says he agreed to put clothes on, but O'Connell still refused to talk to him. The plaintiff was refused care by O'Connell and the correctional officers who escorted her through the unit which includes Defendants T. Kennedy, Richard Allen, K. Miller, Danny McFarlen, Ronald Helander and J. Allen. Finally, on July 25, 2004, the plaintiff was seen by a doctor and was admitted to a local hospital for treatment. The plaintiff does not state what specific medical condition he suffered from, but does say he was treated by a urologist.

Lastly, the plaintiff says Defendant Warden Mote refused all his grievances during the

time period he was denied medical care.   The court finds for purposes of notice pleading, the plaintiff has stated a violation of his Eighth Amendment rights based on deliberate indifference to a serious medical need.

The plaintiff's complaint also states that the actions of the defendants were a violation of due process, a conspiracy and a violation of state assault and battery law.  The court finds that the plaintiff has failed to state a claim upon which relief can be granted for any of these claims.

The court notes that during the hearing, the plaintiff says he also complained about the cell he was in to the officers who escorted the medical technician through the unit.  The plaintiff says the cell had no electricity, ventilation or running water.  The plaintiff says the officers ignored his complaints and took no action.   The court finds that based on the statements about cell conditions made during the merit review hearing, the plaintiff has stated a violation of his Eighth Amendment rights against the correctional officers in their individual capacities.

The plaintiff says he was originally placed in the cell as retaliation for his nudist activities.  However, the officer identified as making this decision, DeLong, is not named as a defendant in this lawsuit.  Therefore, the plaintiff has failed to state a claim upon which relief can be granted for retaliation.  The plaintiff may file an amended complaint if he believes he does have a claim.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff has adequately alleged that: a)  Defendants Mary Beta O'Connell, Stephen Mote, Richard Allen,  T. Kennedy, K. Miller, Danny McFarlen, Ronald Helander and J. Allen were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment; and b) Defendants T. Kennedy, Richard Allen, K. Miller, Danny McFarlen, Ronald Helander and J. Allen violated the plaintiff's Eighth Amendment rights when they refused to take action after the plaintiff told them about his cell conditions.  The claims are against the defendants in their individual capacities only.**

**2)  This case shall proceed solely on the federal claims identified in paragraph (1) above.  Any claims not set forth in paragraph (1) above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**3)  A copy of this order shall be served with the Complaint and Scheduling Order.**

**4) The clerk of the court shall provide copies of this order to the U.S. Marshals Office   for service upon the defendants when the plaintiff's motion for in forma pauperis has been determined.**

**5) This case is referred to the magistrate judge for consideration of the motion to**

**proceed in forma pauperis and scheduling order.**

Entered this 19th day of January, 2005.

                    **s\Harold A. Baker**
            _____
                    HAROLD A. BAKER
              UNITED STATES DISTRICT JUDGE