UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JACKIE WILSON, et al.,
    Plaintiff,

vs.                                    05-1378

MARY BETA O'CONNELL, et al.
    Defendants.

### ORDER

This cause is before the court for consideration of the plaintiff's motion for summary judgement. [d/e 32].

### BACKGROUND

The plaintiff, Jackie Wilson, filed this lawsuit pursuant to 42 U.S.C. §1983 alleging that their constitutional rights were violated at the Pontiac Correctional Center. The plaintiff named eight defendants including Medical Technician Mary Beta O'Connell, Warden Stephen Mote, Officers Richard Allen, Teri Kennedy, Kelley Miller, Danny McFarlen, Ronald Helander and Jacon Allen. After merit review, the court found that the plaintiff's had adequately alleged that:

> 1) Defendants O'Connell, Mote, Allen, Kennedy, Miller, McFarlen, Heland and Allen were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment; and
> 2) Defendants Kennedy, Allen, Miller, McFarlen, Helander and Allen violated the plaintiff's Eighth Amendment rights when they refused to take action after the plaintiff told them about his cell conditions.

The claims are against the defendants in their individual capacities only.

The plaintiff has filed a motion for summary judgement that addresses only the first count of his complaint.

### FACTS

The plaintiff was an inmate at the Pontiac Correctional Center during the events alleged in his complaint. The plaintiff claims that he is a nudist and has been a nudist within the Illinois Department of Corrections for 22 years without any problems receiving medical care. However, the plaintiff alleges that on July 13, 2004 to July 24, 2004, he was refused medical attention for "pain and swelling of his penis." (Comp, p. 6) The plaintiff says he was finally seen on July 25, 2004 by a doctor and was taken to a local hospital for treatment.

1

The defendants dispute that the plaintiff asked for medical care each day between July 13, 2004 and July 24, 2004. The defendants state that the only time the plaintiff was refused medical treatment was when he refused to follow orders to put clothes on before a medical technician entered his cell. "Corrections Medical Technicians are not required to assess an offender, in a non-emergency situation, who refuses to dress appropriately when given the opportunity to do so." (Def. Resp., p. 4, O'Connell Aff., para.6).

## LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. *Id.*

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153 (1970); *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

## ANALYSIS

The defendants correctly argue that the plaintiff has failed to meet his burden for summary judgement. There are still disputed material facts concerning the plaintiff's claim that the defendants were deliberately indifferent to his serious medical condition.

The plaintiff must pass both an objective and a subjective test in order to establish that the lack of appropriate medical care violated the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). The plaintiff must first demonstrate that the alleged deprivation was sufficiently serious. *Id.* The plaintiff must also show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Inadequate medical treatment due to negligence or even gross negligence does not support an Eighth Amendment violation. *Shockley v Jones*, 823 F.3d 1068, 1072 (7th Cir. 1987). In addition, inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997).

"[P]roof of deliberate indifference may be found where a prison official intentionally

denies or delays access to medical care or intentionally interferes with the treatment once prescribed." *Jones v. Natesha*, 151 F.Supp.2d 938, 945 (N.D. Ill. 2001) *citing* Ford, 2001 WL 456427 at 6. A delay in scheduling an appointment for medical treatment may constitute deliberate indifference. *Jones v. Simek*, 193 F.3d 485, 490-491 (7th Cir. 1999) However, "an inmate who complains that delay in medical treatment rose to constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed." *Langston v Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

There are several material facts that are still in dispute. The defendants claim the plaintiff did not in fact tell each of the named defendants that he needed medical care. The defendants also dispute that the plaintiff suffered from a serious medical condition and dispute that any delay had a detrimental impact on the plaintiff. The defendants point to the plaintiff's own evidence in the progress notes from Dr. Kent Frye who examined the plaintiff at an outside hospital on July 25, 2004.

> Patient was seen today for evaluation of penile edema. This has been going on now for a couple of weeks. This was painless. He denies any trauma...he has no hematuria or difficulty passing urine... (Plain Mot,Group Ex. B).

The plaintiff has failed to demonstrate that there is no disputed material fact in this case. The motion for summary judgement is denied.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for summary judgement is denied. [d/e 32]**

**2) Discovery deadlines were previously set in this case on July 26, 2006. However, on its own motion, the court will allow a brief extension of these deadlines and will now abide by the following dates:**

**a) All discovery must be completed on or before March 1, 2007.**
**b) Any additional motions for summary judgement must be filed on or before April 2, 2007.**

Entered this 1st day of February, 2007.

                                          s\ Harold A. Baker
                                    _____
                                       HAROLD A. BAKER
                                 UNITED STATES DISTRICT JUDGE